## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHERRY MARIA POWELL | ) | CASE NO. 05-30387 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

## MEMORANDUM

This matter comes before the Court on the debtor's contempt motion against her former spouse, Michael D. Gable (hereinafter "Gable"). Gable has continued to seek enforcement of a judgment entered as part of a divorce petition filed in Indiana State Court.

We first recite a brief chronology of events and deadlines:

1. On September 17, 2004, a divorce action was initiated in Harrison County Indiana Circuit Court.

2. On January 25, 2005, the debtor filed this Chapter 7 bankruptcy case. The debtor listed Gable as a creditor in her schedules and he received notice of the filing of the petition.

3. On March 9, 2005, the state court issued its order for distributing assets and debts. Paragraph 5 of that order contained a "hold harmless" provision requiring the debtor to protect Gable from two particular debts in the amount of $4,335.07 owed to Auto Truck Federal and $13,292.16 owed to MBNA.

4. On April 19, 2005, the deadline to file 11 U.S.C. § 523(c) actions expired. No party filed a § 523(c) dischargeability action against the debtor.

5. On April 20, 2005, the debtor received her discharge.

6. On January 5, 2006, Gable filed a Motion for Entry of Judgment in an attempt to enforce the obligations imposed by the March 9, 2005 Order.

Gable argues that entry of the order by the state court after the filing of the bankruptcy petition created a "new debt," citing *In re Miller*, 246 B.R. 559 (Bankr. E.D. Tenn 2000) and several other cases. Unfortunately for Gable, rulings like *Miller* turn on specific facts that do not apply to the stipulated facts in this case. This Court rejects the rationale of *Miller* that a divorce decree creates "new" debt. The *Miller* approach effectively divests the Bankruptcy Court of jurisdiction to apply the balancing test mandated by 11 U.S.C. § 523(a)(15) by relieving a creditor such as Gable from the burden of filing an adversary proceeding.

Beyond cavil, the two debts described in the state court order clearly existed prior to the filing of the debtor's petition. The state court simply decreed that the debtor hold Gable harmless with respect to those pre-petition debts. At that juncture, Gable still had over 30 days to file an adversary proceeding requesting this Court to declare those two particular debts nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Gable declined to seek such relief in the bankruptcy court which meant that these debts fell under the discharge granted April 20, 2005. Having failed to seek proper relief in this court, Gable violated the discharge by continuing to pursue state court remedies. Nevertheless, this Court will not impose sanctions for this initial violation. Any future violations, however, will cause the Court to impose sanctions.

Finally, the Court notes that this fact scenario unfolded prior to the recent Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amendments which changed the law concerning domestic relations debts and our ruling applies only to this specific fact situation. An order in accordance with this memorandum has been entered this same date.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHERRY MARIA POWELL | ) | CASE NO. 05-30387 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the memorandum opinion entered this same date,

It is hereby **ORDERED** that the debtor's motion for contempt is granted and Michael D. Gable is directed to cease and desist from taking any additional action to enforce the Order of the Harrison County Indiana Circuit Court.

It is further **ORDERED** that so long as Michael D. Gable complies with this Order that no sanctions be imposed.